COPY

1  **HUNTON & WILLIAMS LLP**
   CHRIS M. AMANTEA (SBN 147339)
2  550 South Hope Street, Suite 2000
   Los Angeles, CA 90071
3  Telephone: (213) 532-2000
   Facsimile: (213) 532-2020
4
5  Attorneys for Plaintiffs RSR CORPORATION
   and QUEMETCO, INC.,
6  **SPERLING & SLATER, P.C.**
   EUGENE J. FRETT
7  55 West Monroe Street, Suite 3200
   Chicago, IL 60603
8  Telephone: (312) 641-3200
   Facsimile: (312) 641-6492
9
   Attorneys for DAVIS WIRE CORPORATION
10

FILED 2009 MAR 19 PM 1:57
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

11            UNITED STATES DISTRICT COURT
12            CENTRAL DISTRICT OF CALIFORNIA
13                    CV09-01891 DSF JTLx

| | |
|---|---|
| 14  RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION | CIV. NO. |
| 16  Plaintiffs, | **COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION** |
| 17  v. | |
| 18  AARON FERER & SONS, CO., ACQUISITION SCRAP METALS, ACTIVE RECYCLING CO., INC., ALPERT & ALPERT IRON & METAL, INC., AMSPEC CHEMICAL CORP., APEX SURPLUS METAL, AUGUSTINE METALS, INC., BARGAIN CENTER, BARSTOW TRUCK PARTS AND EQUIPMENT CO., INC., BEVELDINE/CAME CRAFT, INC., BROWN'S SALVAGE & METALS, INC., C&M METALS, INC., CALIFORNIA METALS RECYCLING, INC., COMMONWEALTH METAL, DISCOUNT AUTO SUPPLY, GARDENA BATTERY, INC., GEMINI ALUMINUM CORPORATION, HOUSE OF BATTERIES, IDEAL METAL & SALVAGE CO., I.G.R. INC., INDUSTRIAL BATTERY ENGINEERING, INC., INTEC, | **[DEMAND FOR JURY TRIAL]** |

1

INTERSPACE BATTERY, INC., INTERSTATE NON-FERROUS CORPORATION, JACK ENGLE & CO., KINSBURSKY BROTHERS SUPPLY, INC., L TO Z ENTERPRISES, INC., LEE'S IRON, INC., LEE'S BATTERIES, MEDOSA, INC., N L INDUSTRIES, INC. PACIFIC METALS COMPANY, POWER COMPONENTS, RAY-BAR ENGINEERING CORPORATION, RIVERSIDE SCRAP IRON & METAL, CORP., ROTOR EXCHANGE, S&W ATLAS IRON & METAL CO., INC., SCHNITZER STEEL INDUSTRIES, INC., STAR SCRAP METAL COMPANY, INC., U.S. GENERAL SERVICES ADMINISTRATION, VALLEY STEEL SUPPLY, L.L.C., W. SILVER RECYCLING, INC., WESCO METAL FABRICATORS, INC. and DOES 10 through 100, inclusive,

        Defendants.

Hunton & Williams

Plaintiffs RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION, ("Plaintiffs"), for their complaint against the Defendants AARON FERER & SONS, CO., ACQUISITION SCRAP METALS, ACTIVE RECYCLING CO., INC., ALPERT & ALPERT IRON & METAL, INC., AMSPEC CHEMICAL CORP., APEX SURPLUS METAL, AUGUSTINE METALS, INC., BARGAIN CENTER, BARSTOW TRUCK PARTS AND EQUIPMENT CO., INC., BEVELDINE/CAME CRAFT, INC., BROWN'S SALVAGE & METALS, INC., C&M METALS, INC., CALIFORNIA METALS RECYCLING, INC., COMMONWEALTH METAL, DISCOUNT AUTO SUPPLY, GARDENA BATTERY, INC., GEMINI ALUMINUM CORPORATION, HOUSE OF BATTERIES, IDEAL METAL & SALVAGE CO., I.G.R. INC., INDUSTRIAL BATTERY ENGINEERING, INC., INTEC, INTERSPACE BATTERY, INC., INTERSTATE NON-FERROUS CORPORATION, JACK ENGLE & CO., KINSBURSKY BROTHERS SUPPLY, INC., L TO Z ENTERPRISES, INC., LEE'S IRON, INC., LEE'S BATTERIES, MEDOSA, INC., N L INDUSTRIES, INC., PACIFIC METALS COMPANY,

COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION

1 POWER COMPONENTS, RAY-BAR ENGINEERING CORPORATION, RIVERSIDE
2 SCRAP IRON & METAL, CORP., ROTOR EXCHANGE, S&W ATLAS IRON & METAL
3 CO., INC., SCHNITZER STEEL INDUSTRIES, INC., STAR SCRAP METAL
4 COMPANY, INC., U.S. GENERAL SERVICES ADMINISTRATION, VALLEY STEEL
5 SUPPLY, L.L.C., SILVER RECYCLING, INC., and WESCO METAL FABRICATORS,
6 INC. ("Defendants"), assert the following claims against the Defendants, and each of them.

## NATURE OF THE ACTION

1. The subject matter of this action is the Alco Pacific, Inc. Site, which is alleged to consist of six parcels of real property located at 16902, 16908, 16916, 16920, 16928, and 16932 Broadway, in the city of Carson, Los Angeles County, California, and which parcels are further alleged to be designated as Assessor's Parcel Numbers 6126-004-020, 6126-004-019, 6126-004-018, 6126-004-017, 6126-004-016, 6126-004-015, respectively (collectively referred to as the "Site").

2. The State of California Department of Toxic Substances Control ("DTSC") listed the Site in its Site Cleanup, Site Mitigation and Brownfields Reuse Program Database.

3. DTSC, over a period of years, ordered the owner of the Site, Alco Pacific, Inc. ("Alco Pacific"), and its principal shareholder, Morris Kirk, to investigate and remediate the Site which the DTSC alleges they failed to do.

4. On or about October 29, 2001, the DTSC filed a Complaint in the action entitled State of California, on behalf of the California Department of Toxic Substances Control v. Alco Pacific, Inc., et. al, No.: CV01-9294 SJO (C.D.Cal.),, seeking recovery of response costs and declaratory relief, pursuant to Sections 107 and 113(g)(2), respectively, of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") 42 U.S.C.§ 9601 *et seq* (the "DTSC action"). DTSC's Complaint alleged, *inter alia*, that Plaintiffs, and others, were liable for response costs that DTSC has incurred and will incur in connection with the alleged release or threatened release of hazardous substances at or from the Site.

5. The claims asserted by Plaintiffs herein are for (i) cost recovery, contribution and/or indemnity from the Defendants under Sections 107(a) and 113(f)(1) of CERCLA, 42 U.S.C. § 9607(a), § 9613(f)(1); (ii) federal declaratory relief as to Defendants' liability for future response costs under CERCLA and the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202; (iii) equitable indemnity and contribution pursuant to Section 1432 of the California Civil Code; (iv) equitable indemnity pursuant to California common law; and (v) declaratory relief pursuant to California common law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this complaint pursuant to Section 113(b) of CERCLA, 42 U.S.C. § 9613(b); the existence of a federal question, 28 U.S.C. § 1331; and the creation of a remedy and the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to CERCLA Section 113, 42 U.S.C. § 9613(b).

## THE PARTIES

8. Plaintiff RSR Corporation ("RSR") is a Delaware corporation, with its principal place of business located in Dallas, Texas. RSR was a defendant in the DTSC action, and settled with the DTSC through a consent judgment which was approved by the District Court on November 24, 2008.

9. Quemetco, Inc. ("Quemetco") is a Delaware corporation, with its principal place of business located in Santa Fe Springs, California, and is a subsidiary of RSR. Quemetco was a defendant in the DTSC action, and settled with the DTSC through a consent judgment which was approved by the District Court on November 24, 2008.

10. Davis Wire Corporation ("Davis Wire") is a Delaware corporation with its principal place of business located in Irwindale, California. Davis Wire was a defendant in the DTSC action, and settled with the DTSC through a consent judgment which was approved by the District Court on November 24, 2008.

11. The Plaintiffs are informed and believe and on that basis allege that each defendant is a corporation, and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California, and transacted business in California from which the claims asserted herein arose.

12. The Plaintiffs are informed and believe and on that basis allege that Aaron Ferer & Sons, Co. is a Nebraska corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

13. The Plaintiffs are informed and believe and on that basis allege that Acquisition Scrap Metals is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

14. The Plaintiffs are informed and believe and on that basis allege that Active Recycling Co., Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

15. The Plaintiffs are informed and believe and on that basis allege that Alpert & Alpert Iron & Metal, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

16. The Plaintiffs are informed and believe and on that basis allege that Amspec Chemical Corp. is a New Jersey corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

17. The Plaintiffs are informed and believe and on that basis allege that Apex Surplus Metal is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

18. The Plaintiffs are informed and believe and on that basis allege that Augustine Metals, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

19. The Plaintiffs are informed and believe and on that basis allege that Bargain Center is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION

20. The Plaintiffs are informed and believe and on that basis allege that Barstow Truck Parts and Equipment Co., Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

21. The Plaintiffs are informed and believe and on that basis allege that Beveldine/Came Craft, is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

22. The Plaintiffs are informed and believe and on that basis allege that Brown's Salvage & Metals; Inc. is a California business entity or is otherwise qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

23. The Plaintiffs are informed and believe and on that basis allege that C&M Metals, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

24. The Plaintiffs are informed and believe and on that basis allege that California Metals Recycling, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

25. The Plaintiffs are informed and believe and on that basis allege that Commonwealth Metal is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

26. The Plaintiffs are informed and believe and on that basis allege that Discount Auto Supply is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

27. The Plaintiffs are informed and believe and on that basis allege that Gardena Battery, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

28. The Plaintiffs are informed and believe and on that basis allege that Gemini Aluminum Corporation is a California corporation and is qualified to do and does business in

COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION

1 California, and, at all relevant times, was qualified to do and did business in California.

2  29. The Plaintiffs are informed and believe and on that basis allege that House of Batteries is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

30. The Plaintiffs are informed and believe and on that basis allege that Ideal Metal & Salvage Co. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

31. The Plaintiffs are informed and believe and on that basis allege that I.G.R. Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

32. The Plaintiffs are informed and believe and on that basis allege that Industrial Battery Engineering, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

33. The Plaintiffs are informed and believe and on that basis allege that Intec is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

34. The Plaintiffs are informed and believe and on that basis allege that Interspace Battery, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

35. The Plaintiffs are informed and believe and on that basis allege that Interstate Non-Ferrous Corporation is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

36. The Plaintiffs are informed and believe and on that basis allege that Jack Engle & Co. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

///

///

///

COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION

37. The Plaintiffs are informed and believe and on that basis allege that Kinsbursky Brothers Supply, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

38. The Plaintiffs are informed and believe and on that basis allege that L To Z Enterprises, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

39. The Plaintiffs are informed and believe and on that basis allege that Lee's Iron, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

40. The Plaintiffs are informed and believe and on that basis allege that Lee's Batteries (Lee's Wholesale Dist.) is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

41. The Plaintiffs are informed and believe and on that basis allege that Medosa, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

42. The Plaintiffs are informed and believe and on that basis allege that N L Industries, Inc. is a New Jersey corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

43. The Plaintiffs are informed and believe and on that basis allege that Pacific Metals Company is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

44. The Plaintiffs are informed and believe and on that basis allege that Power Components is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

45. The Plaintiffs are informed and believe and on that basis allege that Ray-Bar Engineering Corporation is a California corporation and is qualified to do and does business

8

in California, and, at all relevant times, was qualified to do and did business in California.

46. The Plaintiffs are informed and believe and on that basis allege that Riverside Scrap Iron & Metal, Corp. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

47. The Plaintiffs are informed and believe and on that basis allege that Rotor Exchange is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

48. The Plaintiffs are informed and believe and on that basis allege that S&W Atlas Iron & Metal Co., Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

49. The Plaintiffs are informed and believe and on that basis allege that Schnitzer Steel Industries, Inc., is an Oregon corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

50. The Plaintiffs are informed and believe and on that basis allege that Star Scrap Metal Company, Inc. is a California corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

51. The Plaintiffs are informed and believe and on that basis allege that U.S. General Services Administration is an agency of the United States government.

52. The Plaintiffs are informed and believe and on that basis allege that Valley Steel Supply, L.L.C. is an Arizona corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

53. The Plaintiffs are informed and believe and on that basis allege that W. Silver Recycling, Inc. is a Texas corporation and is qualified to do and does business in California, and, at all relevant times, was qualified to do and did business in California.

54. The Plaintiffs are informed and believe and on that basis allege that Wesco Metal Fabricators, Inc. is a California corporation and is qualified to do and does business in

California, and, at all relevant times, was qualified to do and did business in California.

## FIRST CLAIM FOR RELIEF

### (Cost Recovery Under CERCLA Section 107(a))

55. The Plaintiffs incorporate the allegations of paragraphs 1 through 54, inclusive, of this Complaint by this reference as though fully set forth herein.

56. The Plaintiffs are informed and believe and thereon allege that the Defendants, and each of them, are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

57. The Plaintiffs are informed and believe and thereon allege that that the Alco Pacific Site is a "facility," within the meaning of CERCLA § 101(9), 42 U.S.C. § 9601(9).

58. Based upon information and belief, the Plaintiffs allege that each of the Defendants generated wastes containing hazardous substances disposed of at the Site, arranged for disposal or treatment of hazardous substances at the Site, arranged with a transporter for disposal or treatment of hazardous substances at the Site or transported hazardous substances to the Alco Pacific Site. Therefore, each Defendant is a liable person pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9607(a)(3).

59. There have been releases or threatened releases of hazardous substances at and from the Alco Pacific Site into the environment, within the meaning of Sections 101(14) and 101(22) of CERCLA, 42 U.S.A. §§ 9601(14), 9601(22). According to Alco Pacific, the releases were the result of accidental spills and leaks, as well as accidental explosions, which occurred during the course of Alco Pacific's manufacturing operations at the Site, including during the time period 1973 - 1988.

60. In 2004, the DTSC retained contractors to remediate the Site, by excavation and offsite disposal, pursuant to a Removal Action Work Plan which called for a clean up to concentrations protective of unrestricted land use. Plaintiffs are informed and believe and on that basis allege that the remedial project was completed in 2005. Plaintiffs are informed and believe and on that basis allege that periodic groundwater monitoring has continued at the

1 | Site since then.

2 | 61. The releases or threatened releases of hazardous substances from the Site have caused Plaintiffs to incur response costs which are necessary and consistent with the National Contingency Plan, 40 CFR § 300.

62. As alleged previously, the DTSC filed suit in 2001 to recover its response costs from Plaintiffs and others. Among the defendants in DTSC's 2001 action were a small number of the companies who had sent lead-bearing substances to the Alco Pacific Site, including Plaintiffs RSR, Quemetco, and Davis Wire. Plaintiffs are informed and believe and on that basis allege that, ultimately, all of the defendants in the DTSC action resolved the claims against them through a series of consent decrees. On or about November 24, 2008, the Federal District Court for the Central District of California, entered a Consent Decree against Plaintiffs and P. Kay Metal, Inc.

63. Plaintiffs are informed and believe and on that basis allege that the DTSC has claimed response costs of $3,977,612.47 in connection with its investigation, removal and remedial work at the Site. Plaintiffs are further informed and believe and on that basis alleged that, of this amount, the State received $2,310,027.55 from the defendants, leaving an outstanding balance of $1,677,584.92 in unreimbursed costs. Davis Wire, RSR, and Quemetco paid the bulk of this amount. Davis Wire paid $700,000 and RSR and Quemetco paid $600,000. These amounts far exceed either Davis Wire's or RSR or Quemetco's equitable share of DTSC's response costs.

64. Pursuant to CERCLA § 107 (a)(4)(B), 42 U.S.C. §9607(a)(4)(B), plaintiffs are entitled to recover from the defendants, jointly and severally, the response costs which Plaintiffs have paid in connection with the Alco Pacific Site.

## SECOND CLAIM FOR RELIEF
### (Section 113 of CERCLA)

65. The Plaintiffs incorporate the allegations of paragraphs 1 through 64, inclusive, of this Complaint by this reference as though fully set forth herein.

66. Plaintiffs are informed and believe and thereon allege that the Defendants and

11

each of them are responsible and liable parties under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

67. Section 113(f) of CERCLA, 42 U.S.C. §§ 9613(f) provides that any person may seek contribution from any other person who is liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

68. Therefore, pursuant to Section 113(f) of CERCLA, 42 U.S.C. §§ 9613(f), the Plaintiffs seek contribution against each of the Defendants and every generator, transporter, owner/operator, and all other persons liable or potentially liable under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for recovery, reimbursement and/or contribution toward all response costs, which have been, may have been, or in the future will be incurred and that in any way relate to the Site, including any damages or costs in the DTSC action which the Plaintiffs have incurred or for which the Plaintiffs may be liable.

### THIRD CLAIM FOR RELIEF

### (Federal Declaratory Relief)

69. The Plaintiffs incorporate the allegations of paragraphs 1 through 68, inclusive, of this Complaint by this reference as though fully set forth herein.

70. A dispute has arisen and an actual controversy exists between the Plaintiffs on the one hand, and the Defendants on the other hand, as to their respective rights and liabilities regarding compensable response costs allegedly incurred, or to be incurred, in connection with the Alco Pacific Site.

71. A judicial determination of the respective rights, duties and liabilities of the Defendants is necessary and appropriate at this time in order that Plaintiffs may ascertain their rights against the Defendants.

72. Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), and the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, the Plaintiffs are entitled to a declaration from the Court. Such a declaration would avoid the potential for a multiplicity of actions and effectuate a just and speedy resolution of the issues and liabilities.

73. The Plaintiffs further request that the Court, after entering the declaratory

12

judgment prayed for herein, retain jurisdiction over this action to grant them such further relief against the Defendants as is necessary and proper to effectuate the Court's declaration.

### FOURTH CLAIM FOR RELIEF

#### (Contribution)

74. The Plaintiffs incorporate the allegations of paragraphs 1 through 73, inclusive, of this Complaint by this reference as though fully set forth herein.

75. Plaintiffs are informed and believe and thereon allege, that as a direct and proximate result of the alleged releases of hazardous substances into the environment, as alleged above, they have incurred and may continue to incur response costs, beyond their equitable share, for cleanup of the alleged contamination.

76. Plaintiffs are informed and believe and on that basis allege that the conduct of the Defendants was a proximate cause, either in whole or in part, of the damages which were sought by the DTSC against the Plaintiffs in the DTSC action, and which claim for damages the Plaintiffs ultimately settled in a consent decree approved by the District Court.

77. Under Section 1432 of the California Civil Code-- which provides in pertinent part: "a party to a joint, or joint and several obligation, who satisfies more than his share of the claim against all, may require a proportionate contribution from all the parties joined with him,"-- and under general equitable principles and rules governing this action, the Plaintiffs are entitled to contribution from the Defendants, and each of them, for the later's share of any response costs or damages which have been paid by Plaintiffs and which were sought, or may be sought, by DTSC or any other person or party, against the Plaintiffs.

### FIFTH CLAIM FOR RELIEF

#### (Equitable Indemnity)

78. The Plaintiffs incorporate the allegations of paragraphs 1 through 77, inclusive, of this Complaint by this reference as though fully set forth herein.

79. The Plaintiffs are informed and believe and on that basis allege that the amounts recovered by the DTSC from Plaintiffs (and in the event that DTSC is entitled to recover any further amounts whatsoever from the Plaintiffs), such liability is the direct result

13

of acts and omissions by the Defendants and their agents and others subject to their direction or control.

80. Therefore, Plaintiffs are entitled to contribution and indemnification from the Defendants, and each of them, according to the principles of comparative fault and equitable allocation of loss.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Relief)

81. The Plaintiffs incorporate the allegations of paragraphs 1 through 80, inclusive, of this Complaint by this reference as though fully set forth herein.

82. An actual controversy exists between the Plaintiffs on the one hand, and the Defendants on the other hand, regarding their respective rights and obligations under California law, and the Plaintiffs seek a judicial determination of their rights, claims, and damages alleged in the present action.

83. The requested declaration is necessary and appropriate at this time to allow the Plaintiffs to ascertain their rights as against Defendants, and each of them.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray for judgment in their favor against the Defendants and each of them as follows:

1. For all response costs which the Plaintiffs have incurred or will incur in connection with the Site pursuant to Sections 107(a) and 113(f) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(f);

2. For a declaration that the Defendants are obligated to indemnify, hold harmless and release the Plaintiffs from and against any and all claims arising out of or relating to the presence of or release of contamination at or from the Alco Pacific Site;

3. For contribution in the amount of the settlement and consent judgment in favor of DTSC against the Plaintiffs as approved by the District Court;

4. For indemnification by the Defendants according to the principles of comparative fault and equitable allocation of loss in an amount to be determined by the Court;

5. For a declaration that Plaintiffs are entitled to full contribution from the Defendants and each of them in the amount of the consent judgment entered in favor of DTSC;

6. For reasonable attorneys' fees;

7. For costs of the suit; and

8. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiffs hereby demand a trial by jury of all issues triable by jury.

Dated: March 19, 2009

HUNTON & WILLIAMS LLP

By: *Chris M. Amantea*
Chris M. Amantea
Attorneys for Plaintiffs
RSR CORPORATION and QUEMETCO, INC.

Dated: March 19, 2009

SPERLING & SLATER, P.C.

By: *Eugene J. Frett*
Eugene J. Frett
Attorneys for Plaintiffs
DAVIS WIRE CORPORATION

COMPLAINT OF RSR CORPORATION, QUEMETCO, INC., AND DAVIS WIRE CORPORATION